

May 2, 2012

The Honorable Ted Lieu
Senator, 28th Senate District
State Capitol, Room 4090
Sacramento, CA 95814

RE: **SB 1172 (Lieu) – Sexual Orientation Change Efforts**
**Oppose Unless Amended**
**Set for hearing: May 8, 2012**

Dear Senator Lieu:

On behalf of the California Association of Marriage and Family Therapists, the California Psychological Association, the California Psychiatric Association, and the California Association for Licensed Professional Clinical Counselors, we wish to convey our continued joint position of Opposed Unless Amended on SB 1172. We believe the bill as drafted, would inhibit and prevent attempts by, and perhaps create liability for, therapists who legitimately explore sexual identity and gender concerns.

We'd like to thank you and the sponsors of the measure for reaching out and having several stakeholders meetings aimed at crafting a consensus measure. At this time, we continue to have the following concerns about the bill:

<u>Definition of Sexual Orientation Change Efforts ("SOCE"):</u>

As written, the current definition of SOCE is ambiguous and vague as to what kinds of therapy conceptually fall under the definition of SOCE. This definition can and will be interpreted by providers, consumers and legal minds in vastly different manners, as evidenced by the communications of all the various stakeholders to date. To the extent that this legislation is attempting to undertake an unprecedented restriction of psychotherapy, it is essential that the definition of such a restriction be narrowly tailored and not overly broad. Without such limits on the definition, there cannot be a restriction for any population, including minors, due to the unintended consequences of banning legitimate and helpful therapies.

Since the introduction of this legislation, we have agreed that any psychotherapy based on the assumption that homosexuality is a mental disorder or pathology and that a patient must therefore change her/his sexual orientation demonstrates unprofessional conduct. And while we

**EXHIBIT E**

have suggested amendments to restrict the current broad and sweeping definition as currently written, those amendments have not been accepted to date.

### Minors Ability to Consent to SOCE:

While we agree with and support the Author's concern about coercion or forced treatment upon minors, we are troubled by the sudden removal of a minor's ability to consent to their own un-coerced psychotherapy just recently granted to them by this Legislature in 2010. In 2010, SB 543 (Chapter 503, Statutes of 2010) was signed into law, which allowed minors (12 years and older) to consent to their own mental health treatment if the minor was "mature enough to participate intelligently in the mental health treatment." Moreover, as mentioned above, because of the vague and unclear definition of SOCE, we are concerned about what implications the definition may have on a minor's ability to generally explore their sexuality.

### Definition of Therapeutic Deception:

This language and definition is troubling. It implies that the act of SOCE in itself is an act of deception, which is vague and misleading. Further, because of the ambiguity of this wording, it could likely create liability for a psychotherapist who is practicing SOCE, even if practicing under a lawful informed consent as spelled out in this legislation. We would suggest rewording this definition to: "Therapeutic deception" means a representation by a psychotherapist that sexual orientation change efforts are endorsed by leading medical and mental health associations or that they can or will reduce or eliminate a person's sexual or romantic desires, attractions, or conduct toward another person of the same sex."

### Informed Consent:

We have general concerns about what is proposed in the current proposed Informed Consent language and have forwarded to the Author a proposed Informed Consent jointly agreed upon by the California Association of Marriage and Family Therapists, California Psychological Association, California Psychiatric Association, and California Association for Licensed Professional Clinical Counselors. Included within our proposed Informed Consent are the requirements that: provider describe his/her experience that qualifies them to provide such services, a description of the potential risks and consequences of SOCE, a statement that homosexuality is not a mental disorder, reference to the most recent psychotherapeutic association's positions and/or resolutions on SOCE, and a statement that failure to comply is unprofessional conduct. Included with this letter is a sample of our Informed Consent proposal.

For the reasons stated above, we must take the position of Opposed Unless Amended at this time. We look forward to working with the Author, the Sponsors, and any other interested parties on this bill.

Sincerely,

*Jill Epstein*

Jill Epstein, J.D.
Executive Director
California Association of Marriage and Family Therapists

*Randall Hagar*

Randall Hagar
Director of Government Affairs
California Psychiatric Association

*Amanda Levy*

Amanda Levy
Director, Government Affairs
California Psychological Association

*Dean Porter*

Dean Porter
Executive Director
California Association for Licensed Professional Clinical Counselors

cc: Members, Senate Judiciary Committee

## Proposed Informed Consent Provision

(a) Prior to the commencement of sexual orientation change efforts by a psychotherapist, the psychotherapist shall obtain the verbal and written informed consent from the patient. The informed consent procedure shall ensure that at a minimum all of the following information is given to the patient verbally and in writing:

1) a description of the education, training, or experience of the psychotherapist that qualifies him or her to provide the services to be rendered;
2) a description of the potential risks, and consequences of such treatment;
3) a statement that indicates that homosexuality is not a mental disorder according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders(DSM IV) and that it was removed as a mental disorder in 1973;
4) a statement that the psychotherapist will not impose his or her personal values or religious views upon the patient;
5) reference to the most recent position statement, resolutions, research or findings of the leading state or national psychotherapeutic associations as defined in this Section.

(b) The written informed consent signed by the patient shall become part of the patient's mental health treatment record.

(c) The failure of a psychotherapist to comply with this section shall constitute unprofessional conduct.